IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACLYN ALTMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 10-545 |
| LIBERTY HELICOPTERS, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                          July 29, 2010

This death benefits action arises from a collision on August 8, 2009 between a helicopter and a private plane over the Hudson River. Jurisdiction is the Federal Tort Claims Act. 28 U.S.C. § 1346. [1]

Plaintiff Jaclyn Altman commenced the action on behalf of herself and as Executrix of the Estate of Daniel Altman, her husband, and as Administratrix of the Estate of Douglas Altman, her minor son. These decedents were passengers on a Piper N71MC aircraft operated

---

[1] Currently, ten cases are pending because of the collision. Originally commenced in this court is Altman v. United States, Civ. A. No. 10-518, a virtually identical action filed by Pamela Altman on behalf of herself and as Executrix of the Estate of Steven Altman. An earlier case filed in this court, Altman v. Liberty Helicopters, Inc., Civ. A. No. 09-4437, was dismissed on January 13, 2010 for lack of subject matter jurisdiction. There are two cases pending in Pennsylvania state court. Exhibits D and E to the Supplemental Declaration of Thomas C. Regan, filed with defendant's reply brief.

Six cases are pending in New Jersey. An action begun in New Jersey state court, United State Aviation Underwriters, Inc., et al. v. Estate of Steven Altman, No. BER-L-8059-09, was the first filed. Exhibit A to the Declaration of Thomas C. Regan. Five additional actions filed in New Jersey District court on behalf of the deceased passengers of the helicopter have been consolidated. Exhibit B to Regan Declaration.

Also pending is plaintiff's motion before the United States Judicial Panel on Multi-District Litigation. On June 7, 2010, upon hearing, the Panel requested that this court resolve defendant Liberty's motion to dismiss or, in the alternative, to transfer to the District of New Jersey under 28 U.S.C. § 1404(a) and granted sixty days within which to do so. See In re: Air Crash Over the Hudson River Near New York, New York, on August 8, 2009, MDL No. 2152.

by a private pilot. Defendants are the United States of America (Federal Aviation Administration), LCA Partnership (owner of the aircraft), Pamela Altman, Executrix of the Estate of Steven P. Altman (the deceased pilot), and Liberty Helicopters, Inc. (the operator of the helicopter involved in the collision). Also sued in the original complaint was Meridian Consulting I Corporation, Inc., the helicopter owner. On March 11, 2010, plaintiff filed an amended complaint against all defendants except Meridian[2].

Defendant Liberty moves to dismiss on the ground that Meridian is a necessary party that was deliberately omitted from the amended complaint, Fed. R. Civ. P. 19(a),[3] and also an indispensable party under Fed. R. Civ. P. 19(b).[4] In the alternative, Liberty requests that

---

[2] Meridian is still a defendant in the related action pending in this court. It has moved to dismiss the claims against it for lack of personal jurisdiction. Civ. A. No. 10-518, docket no. 4.

[3] Relevantly, Rule 19(a) states:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation by reason of the claimed interest..

[4] Rule 19(b):

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

the action be transferred to the District of New Jersey, 28 U.S.C. § 1404(a).[5]  For the reasons that follow, Liberty's motion to dismiss the complaint will be denied as moot.  Its motion to transfer the action to the District of New Jersey will be granted without prejudice to the issue of that district's jurisdiction.

According to the undisputed record, [6] Meridian owned the helicopter involved in the accident.  The lease was a "dry lease" in which Meridian supplied the helicopter and Liberty paid rent and was responsible for the aircraft's operation and maintenance, and provided pilots, passenger amenities, licensing and certification of equipment and personnel, and met all other flight requirements.  "Declaration in Lieu of Oath of Christopher Vellios, Chief Operating Officer of Meridian Consulting I Corporation."

The original complaint alleged that Liberty and Meridian were subsidiaries of each other or were engaged in a joint business enterprise. ¶ 11-12; and further that Liberty and Meridian owned, operated and maintained the helicopter, and were both vicariously liable for the acts, omissions and negligence of the helicopter pilot, ¶ 22-23.  Counts I and IV of the original complaint purport to state claims for negligence against Liberty and Meridian based on, inter alia: not utilizing air traffic avoidance equipment or monitoring air traffic

---

[5] Liberty filed an identical motion in the related case.  Civ. A. No. 10-518, docket no. 6.

[6] The record includes the "Declaration in Lieu of Oath of Christopher Vellios, Chief Operating Officer of Meridian, the Declaration of Thomas C. Regan, Esquire, counsel for Meridian and Liberty."

On August 8, 2009, Steven Altman was piloting a single-engine, fixed-wing aircraft from Teterboro to Ocean City, New Jersey when a helicopter owned by Meridian and operated by Liberty for sightseeing tours also entered the Hudson River air traffic.  The resulting accident caused the deaths of the pilots and passengers aboard both aircraft.

3

communication; fostering a work environment that put profits over risk; not having a tour guide or lookout who could have permitted the pilot to concentrate solely on safe flight; not training pilots, and using flight plans that increased the risk of collision in heavily congested air space.

The amended complaint repeats these allegations as to Liberty, but omits Meridian as a party. Liberty's position is that this action cannot proceed without Meridian and must be dismissed. In the alternative, Liberty requests transfer under 28 U.S.C. § 1404(a).

Under Rule 19, "a court must first determine whether a party should be joined if 'feasible' under Rule 19(a). If a party should be joined but joinder is not feasible . . . , the court must then determine whether the absent party is 'indispensable' under Rule 19(b). If the party is indispensable, the action cannot go forward." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993) (citations omitted).

Rule 19(a) is a two-part analysis. First: can complete relief be afforded to the parties in the action in the absence of the unjoined party? This "inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action. The effect a decision may have on the absent party is not material." Janney, 11 F.3d at 405. Here, given the nature of the original allegations against Meridian and Liberty[7] - and the availability of

---

[7] "For the purposes of ruling on a motion to dismiss under Rule 12(b)(7) for failure to join [ ]indispensable party, the well-pleaded factual allegations of the complaint are accepted as true." Wilson v. Canada Life Assur. Co., 2009 WL 532830, at *2 (W.D. Pa., filed Mar. 3, 2009), citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 805 (3d Cir. 2003); Clements v. Holiday Inns, Inc., 105 F.R.D. 467, 469 (E.D. Pa. 1984). Here, the amended complaint does not include allegations as to Meridian. Therefore, the allegations in the original complaint informs the decision.

joint and several liability - plaintiff appears to be able to obtain complete relief on her claims without the presence of Meridian. This factor weighs against a finding that Meridian is necessary.

However, a finding that a party is necessary may result under either Rule 19(a)(1) or 19(a)(2). "Clauses (1) and (2) of Rule 19(a) are phrased in the disjunctive and should be so treated." Janney, 11 F.3d 405 (citations omitted). Under Rule 19(a)(2), the issue is: What effect will resolution of the dispute among the present parties have on the absent party?

This also involves two questions. First, would a decision impair or impede Meridian's rights in the subject matter of the litigation? Rule 19(a)(2)(i). In this instance, a decision regarding the cause of the accident and the relative liability of the parties involved would impair Meridian's ability to protect itself. It would not be present to assert cross-claims or provide evidence as to the potential liability of other parties. Given that Meridian is alleged to have actively participated in decisions that resulted in the death of plaintiff's decedents, its presence is crucial to a determination of liability, Whyham v. Piper Aircraft Corp., 96 F.R.D. 557, 561 (M.D. Pa. 1982) (Scottish companies that owned and maintained aircraft were necessary and indispensable parties in action by plaintiff's decedent against estate of deceased pilot.)

Further, the evidence of record is that a lessor-lessee relationship existed between Liberty and Meridian. A decision as to their relative contractual rights - including issues of release and indemnification and resulting liability to plaintiff - could affect Meridian's rights under the lease vis-a-vis its liability to plaintiff. This factor suggests that Meridian is

necessary.

The second part of Rule 19(a)(2) entails whether continuation of the action without Meridian would expose an existing party to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(2)(ii). A finding of liability against Liberty could result in further litigation as to its entitlement to indemnification from Meridian either as a result of this contractual relationship or because of tort law. These issues would not be actionable if Meridian were joined in this action. This factor, too, suggests that Meridian is a necessary party.

As a necessary party under Rule 19(a)(2), is Meridian's joinder feasible? The negative answer is that principles of due process will not permit this court's exercise of personal jurisdiction over Meridian.

"Federal courts have recognized two types of personal jurisdiction which comport with [] due process principles: general and specific jurisdiction. General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state. Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." Kehm Oil Co. V. Texaco, Inc., 537 F.3d 290, 299) (3d Cir. 2008) (citations omitted). "If the defendant 'maintains continuous and substantial forum affiliations,' then general jurisdiction exists. If the defendant's contacts fall short of that standard, then at least one contact must give rise or relate to the plaintiff's claim." Wilson, 2009 WL 532830, at *5 (citations omitted).

As to joining Meridian in this district: Meridian is a corporation organized under the

6

laws of the State of Delaware with its principal place of business in Linden, New Jersey. Its corporate purpose is to own and lease aircraft to Liberty. It has no contacts with Pennsylvania - no offices or mail drop, no employees, no telephone service; it does not advertise or solicit here and does not maintain a website accessible from Pennsylvania. The lease with Liberty was not executed in Pennsylvania. Vellios Declaration. No contacts appear to exist between Meridian and Pennsylvania. Under these undisputed facts, Meridian does not have fair warning that it may be subject to suit in this state. Burger King v. Rudzewicz, 471 U.S.462, 472 (1985). Accordingly, joinder of Meridian is not feasible.

Next, under Rule 19(b), is Meridian an indispensable party? There are four factors to consider: "First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder." General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 319 (3d Cir. 2007), quoting Fed. R. Civ. P. 19(b).

As to the first two factors, which overlap Rule 19(a) - and mindful that "'a defendant's right to contribution or indemnity from an absent [ ] party does not render that absentee indispensable pursuant to Rule 19,'" Janney, 11 F.3d at 412 (citations omitted) - the risk of prejudice to the present defendants does not favor indispensability. However, the risk to Meridian of a finding of no-liability on the part of the present defendants, would remain, as

7

would the risk of an inconsistent liability finding in this action.  The parties have not suggested a means of shaping relief that could shield Meridian from this risk. This factor weighs, albeit slightly, in favor of a finding of indispensability.[8]

The third factor weighs against indispensability, inasmuch as plaintiff can obtain complete relief against the present defendants, and, while inconvenient, issues of contribution and indemnification can be pursued in later litigation.

The fourth factor, whether plaintiff would have an adequate remedy if the action were dismissed for nonjoinder, points in favor of indispensability.  Here, "the court should consider whether there is any assurance that the plaintiff, if dismissed, could sue effectively in another forum where better joinder would be possible."  Wilson, 2009 WL 532830, at *11 (quoting Fed. R. Civ. P. 19(b), 1966 advisory committee notes).  The New Jersey District Court is such a forum, and that court is currently processing five cases involving all of the defendants originally named in this case - including Meridian.

"The fact that there is an alternative forum in which comprehensive joinder can be effected does not automatically warrant dismissal of the pending case," Moore's Federal Practice § 19.05[d], but it is a factor to be considered.  Another factor is the lessened

---

[8] Meridian can, as plaintiff suggests, appear voluntarily and eliminate the possibility of prejudice. Wright & Miller § 1610 ("If the court cannot obtain personal jurisdiction . . . over an absentee . . ., the court may encourage the intervention of absentees by notifying them of the pendency of the action and giving them an opportunity to intervene.").  Here, Meridian clearly has notice of this action - it has appeared and filed a motion to dismiss on jurisdictional grounds.  This suggests that it will not voluntarily waive this defect and appear voluntarily.  Litigating in Philadelphia would not impose an undue burden on Meridian.  See Moore's Federal Practice § 1905[1][c] ("the absentee's refusal to intervene . . . may justify the court's decision to proceed rather than dismiss, unless, of course, other factors (such as harm to the defendant) dictate dismissal.")

deference given to plaintiff's choice of forum in these circumstances.  See Molynlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd., 64 F.Supp.2d 448, 455 (E.D. Pa. 1999) (in deciding a motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue, where court lacks personal jurisdiction over a defendant, plaintiff's choice of forum is of less pertinence).

Transfer of this case to New Jersey would permit plaintiff to assert all of her claims against all parties, and would eliminate the possibility of prejudice to the present parties involved in this case, as well as to Meridian.  Therefore, the fourth Rule 19(b) factor strongly favors indispensability.

As an alternative to dismissal, Liberty moved for transfer of the action to the District of New Jersey under 28 U.S.C. § 1404(a).  Section 1404(a) permits a court to transfer an action to any other district in which the action might have been brought if transfer serves the interests of the parties and the witnesses, and if transfer is in the interest of justice.  28 U.S.C. § 1404(a).  Defendant bears the burden of proving, based upon a number of private and public factors, that the action would "more conveniently proceed and the interests of justice be better served by transfer to a different forum."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  The private factors are:

> plaintiff's forum preference as manifested in the original choice, . . . defendant's preference, . . . whether the claim arose elsewhere, . . . the convenience of the parties as indicated by their relative physical and financial conditions, . . . the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, . . . the location of books and records.

Id. at 879-80.

9

> Public factors are:
>
> the enforceability of the judgment, . . . practical considerations that could make trial easy, expeditious or inexpensive, . . . the relative administrative difficulty in the two fora resulting from docket congestion, . . . local interest in deciding local controversies at home, . . .the public policies of the fora, . . . and the familiarity of the trial judge with applicable state law in diversity cases.

Id. Here, these factors weigh in favor of transfer.

As noted, in the circumstances of this case, plaintiff's choice of forum is entitled to less deference because of the inability to join Meridian, a necessary party. Defendant Liberty's preference is New Jersey. Moreover, defendant Liberty posits that the collision occurred in New Jersey or New York airspace; further, that pilot error necessarily occurred there as well, and the air traffic controllers whose conduct is at issue were located in New Jersey at the time. Factors opposing transfer are that the plane was maintained in Pennsylvania, and the pilot was trained here. Moreover, plaintiff's damages witnesses are located in this jurisdiction. Inconvenience to witnesses is a factor. "However, [g]iven the proximity of the Eastern District of Pennsylvania and the District of New Jersey, factors related to the convenience of the parties or witnesses and practical consideration do not render one forum significantly more convenient than the other." Superior Precast, Inc. v. Proto Construction and Dev. Corp., 1999 WL 455594, at *6 (E.D. Pa., Jul. 6, 1999), citing Jumara, 55 F.3d at 882. Private factors weigh slightly in favor of transfer.

With respect to public factors such as simplifying the trial and making it expeditious and inexpensive through transfer to a forum where all parties can participate in one action, and avoid the need for further litigation, these weigh heavily in favor of transfer.

Upon consideration of all of the relevant factors, transfer of this case would serve the interests of justice, and this action cannot, in equity and good conscience, proceed against the existing parties and without Meridian. Accordingly, an order will be entered transferring this action to the District of New Jersey.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.